UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-cr-00108 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 48, 50] |
| vs. | : | |
| | : | |
| ISAAC JONES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Isaac Jones requests a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes.[2]

For the following reasons, the Court **GRANTS** Jones's compassionate release motion.

I.   Background

In May 2015, Jones pleaded guilty to possession with intent to distribute a controlled substance.[3]  In August 2015, this Court sentenced Jones to 86 months of imprisonment and six years of supervised release.[4]

II.   Discussion

On October 26, 2020, Jones moved for compassionate release.[5]  On December 22, 2020, Jones filed a supplemental motion.[6]  Jones requests a sentence reduction due to chronic kidney disease that increases his risk for serious illness if he contracts COVID-19.

---

[1] Docs. 48, 50.
[2] Doc. 55.
[3] Docs. 23, 24.
[4] Doc. 39.
[5] Doc. 48.
[6] Doc. 50.

Case No. 5:15-cr-00108
GWIN, J.

The Government opposes.[7] The Government argues that the § 3553 factors weigh against early release and that Jones remains a danger to the community.

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[8]

On August 17, 2020, Jones asked the North Lake Correctional Facility warden for a sentence reduction.[9] Because Jones filed a motion with the Court more than thirty days after he sent his request to the warden, Jones satisfies the statutory exhaustion requirement.

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[10] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[11]

---

[7] Doc. 55.
[8] 18 U.S.C. § 3582(c)(1)(A); see also *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[9] Doc. 48-1.
[10] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).
[11] *Id.* (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

Case No. 5:15-cr-00108
GWIN, J.

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[12] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[13]

The Court finds that Jones's chronic kidney disease, in combination with the COVID-19 pandemic, presents an extraordinary and compelling reasons warranting compassionate release. The Centers for Disease Control and Prevention recognizes chronic kidney disease as a condition that increases a person's risk for serious illness from COVID-19.[14]

Likewise, the Court finds that the § 3553 support release. Jones has served more than 70 percent of his sentence, has a low recidivism risk level, and has had a clean prison disciplinary record for the last year.[15] While the Court acknowledges that Jones has violent felony convictions, they are more than twenty years old.[16]

### III. Conclusion

The Court **GRANTS** Jones's compassionate release motion and reduces his sentence to time served. Jones's six-year supervised release remains in force, and he is otherwise subject to the terms of the Court's most recent judgment.[17]

---

[12] See *Elias*, 2021 WL 50169 at *2 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[13] *Jones*, 980 F.3d at 1111.

[14] *People with Certain Medical Conditions*, Center for Disease Control and Prevention (Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[15] Doc. 48-1 at 3-4; Doc. 50 at 7; Doc. 55-2.

[16] Doc. 30 at 7–8.

[17] *See* Doc. 39.

- 3 -

Case No. 5:15-cr-00108
GWIN, J.

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Jones is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: January 22, 2021            *s/    James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE